C. J. FULLER v. THE STATE OF TEXAS.

OBSTRUCTING PUBLIC ROADS.—Article 2090, Pas. Dig., making the penalty for obstructing public roads a fine of not less than three nor more than ten dollars for each and every day such obstruction remains, is repealed by the act of February 8, 1858, which provides a different penalty.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

*Maxey & Chenoweth*, for appellant.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Fannin county, rendered against the appellant for obstructing a public road. The jury assessed a fine of one thousand and fifty dollars, and the motion for a new trial being overruled, and judgment being entered against appellant for that sum, he appeals, and assigns for error the overruling of his motion, as follows:

1. The verdict of the jury is contrary to the law and the evidence.

2. The facts show that the offense, if any had been committed, was barred by the statute of limitations.

3. There was no evidence that the defendant obstructed the road.

The indictment charges that the appellant obstructed a certain public road leading from Bonham to Warren by erecting across it a certain fence, and allowing the same to remain so obstructed from the 15th day of September, 1871, to the 1st day of September, 1872. Counsel for both parties in their briefs agree that the indictment is founded on article 2090 of the Digest. It is further contended by appellant that the indictment is not grounded upon the law governing the case. Article 2090, above referred to, provides: "If any person shall erect any fence or building, or dig any ditch, or throw up any mound of earth in any street or public road or square, or do any other act not authorized by law that shall obstruct the public use thereof, &c., he shall be fined not less than three nor more than ten dollars for each day such unlawful obstructions shall remain." This is article 429 of the Penal Code, as found in Oldham & White's Digest, and took effect in February, 1857. If the indictment is grounded on that article it cannot be sustained, as its provisions are superseded by the act of February 8, 1858; and though repeals by implication are not favored, yet, in view of the provisions contained in this act on the same subject, but affixing

a different penalty, and to be enforced in a justice's court on giving notice by citation, as in other cases, we think it must be so regarded, and that it repeals the former act. It provides, among other things: "If any person or persons shall erect, or cause to be erected, across any public road, any bar or fence, or fall any tree or brush, or impediment of any kind whatever, and shall not remove such impediment within twenty-four hours, he or they shall forfeit and pay the sum of three dollars for every day the impediment shall remain in such road, upon conviction thereof before any justice of the peace in the county having jurisdiction thereof: *Provided,* That the parties so offending shall have at least five days' notice by citation, as in other cases: *Provided, further,* Nothing herein contained shall subject the party removing said road to damages, where the same is done to straighten said road through inclosures, or where the removal shall not render the road more inconvenient to the public." Compared with the language used in the indictment in describing the offense, it is not improbable that the draftsman may have referred to this statute. But if such was the intention, it is not sufficient to support a conviction for want of appropriate averments to bring the case within the terms of the act, and, besides, the penalty is to be enforced by a proceeding before a justice of the peace. (Art. 5072.)

By article 2034 of the act of February 11, 1860, it is provided: "If any person shall obstruct or injure, or cause to be obstructed or injured, any public road or highway, &c., or shall continue such obstruction so as to render the same inconvenient or dangerous to pass, or shall do any other act or thing that would be deemed and held to be a nuisance at common law, shall be guilty of a misdemeanor, and, on conviction by indictment, fined in any sum not exceeding five hundred dollars, and upon conviction, the judge trying the case shall order the sheriff to abate such nuisance at the expense of the defendant, to be taxed in the

bill of costs." It is clear that the indictment was not founded on this act, nor was the evidence sufficient to warrant a conviction under this or the former act of February, 1858, if the latter was in force. It was not satisfactorily shown that the defendant erected the fence across the road, or that he continued the obstruction, or was so connected with it as that it would not be barred by limitation, and render him liable to the penalty for violating the act of 1860, if the indictment had been framed with reference to its provisions.

This act is still in force, and not within the repealing section of the act of August 4, 1870, entitled "An act to authorize county courts to levy a road tax and to improve roads and bridges." (General Laws, 1870, p. 44.)

As the case is presented, the judgment is reversed and case dismissed.

REVERSED AND DISMISSED.